IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) **SANTOS MIRANDA-MARTINEZ**
2) JUAN ROMAN-RODRIGUEZ
3) NELL MARTINEZ-ORTIZ
Defendants

CRIMINAL 05-0445CCC

# O R D E R

  Defendant Santos J. Miranda has filed an Informative Motion on May 4, 2006 (docket entry 50) in which he claims that he has not responded to the government's request on notification of an alibi defense because the government has not disclosed to him the time and specific place of the offense. The government has filed a Motion in Limine (**docket entry 51**) which raises different subject matters. We will address at this time only paragraphs 5 through 7 and dispose of the rest by separate Order. There the government raises the untimeliness of defendant's response in violation of Fed.R.Crim.P. 12.1 which requires that defendant serve written notice on an attorney for the government of any intended alibi defense within ten (10) days after the government's request. The Rule further provides that said notice must state each specific place where defendant claims to have been at the time of the alleged defense and the name, address and telephone number of each alibi witness. Defendant's Motion appears to be the only motion in which he addresses a possible alibi defense. Said notice was filed sixty-one days after the government's request pursuant to Rule 12.1(a)(1) filed on March 3, 2006 (docket entry 28).

  A review of the Indictment reflects that it alleges that the offense occurred on or about December 16, 2005. Additionally, the affidavit of Special ATF Agent Félix A. Ríos subscribed on December 18, 2005 and attached to the Criminal Complaint signed by said Agent and filed on that same date (docket entry 1) gives extensive details regarding the circumstances of the alleged offense, including the specific places where the defendants were after a shooting at El

Cemí housing project.  Details are provided that defendants were at the place where the police went looking for them, an establishment known as El Deportivo and as El Chupetín, the approximate hour and the place and circumstances of defendant' arrest and seizure of the firearms for which he is charged in the Indictment.  Accordingly, defendant had the necessary information to have responded in a timely manner to the government's request.  The Court RULES that having failed to comply with the requirements of Rule 12.1, it is not for defendant to choose at this late date whether Mr. Robinson Román-Vega will be an alibi or an impeachment witness.  An alibi witness certainly he will not be allowed to be.  The Motion in Limine filed by the government requesting the exclusion of Robinson Román-Vega and of any other undisclosed alibi witness pursuant to Rule 12.1(a)(2),(c) and (e) (**docket entry 51**) is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on May 12, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge